AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | | |
|---|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>TWO CELLPHONES CURRENTLY IN THE<br>POSSESSION OF THE FBI IN WASHINGTON, D.C. | )<br>)<br>)<br>)<br>)<br>) | Case No. 19-sw-283 |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A.

located in the _____ District of _____Columbia_____ , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 1951, 18 U.S.C. §<br>924(c) | Interference with Interstate Commerce by Robbery; Conspiracy to Commit<br>Interference with Interstate Commerce by Robbery; and<br>Possession of a Firearm in Furtherance of a Crime of Violence |

The application is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under
   18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Kevin Moore, FBI Special Agent
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____telephone_____ *(specify reliable electronic means).*

Date:  _____08/02/2019_____

_____
*Judge's signature*

City and state:  Washington, D.C. _____

G. Michael Harvey, U.S. Magistrate Judge
_____
*Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means    ❐ Original      ❐ Duplicate Original

# UNITED STATES DISTRICT COURT
### for the
District of Columbia

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*
TWO CELLPHONES CURRENTLY IN THE
POSSESSION OF THE FBI IN WASHINGTON, D.C.

)
)
)
)
)
)

Case No.  19-sw-283

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____ Columbia
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before    August 14, 2019    *(not to exceed 14 days)*
❐ in the daytime 6:00 a.m. to 10:00 p.m.    ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to    G. Michael Harvey    .
*(United States Magistrate Judge)*

❐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
❐ for ____ days *(not to exceed 30)*   ❐ until, the facts justifying, the later specific date of _____ .

Date and time issued:    08/02/2019 3:00 pm

*Judge's signature*

City and state:   Washington, D.C.                    G. Michael Harvey, U.S. Magistrate Judge
*Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>  19-sw-283 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

| **Certification** |
|---|

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A (TARGET DEVICES)

### PROPERTY TO BE SEARCHED

### Attachment A-1 (Target Device-1)

A ZTE cellphone bearing model number Z232TL, IMEI number 861961033944761, and serial number 329F85860120 that is currently in the possession of the Federal Bureau of Investigation in Washington, D.C. as evidence and is assigned a unique evidence number.

### Attachment A-2 (Target Device-2)

A Black LG cellphone that is currently in the possession of the Federal Bureau of Investigation in Washington, D.C. as evidence and is assigned a unique evidence number.

## ATTACHMENT B

### PROPERTY TO BE SEIZED

The items to be seized are fruits, evidence, information, contraband, or instrumentalities, in whatever form and however stored, relating to violations of Interference with Interstate Commerce by Robbery and Conspiracy to Commit Interference with Interstate Commerce by Robbery, both in violation of 18 U.S.C. § 1951 and Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c) (collectively, the "TARGET OFFENSES"), including, but not limited to: call logs, phone books, photographs, voice mail messages, text messages, images and video, Global Positioning System data, and any other stored electronic data:

(i)      establishing or documenting the commission of the TARGET OFFENSES;

(ii)     identifying locations where the individual committing the TARGET OFFENSES, traveled to before and after the commission of the TARGET OFFENSES, and in preparation for the TARGET OFFENSES;

(iii)    reflecting the ownership and use of the items identified in Attachment A by the individuals committing the TARGET OFFENSES;

(iv)    reflecting communications between the individual committing one or more of the TARGET OFFENSES and other individuals who may have assisted or provided support in the commission of one or more of the TARGET OFFENSES;

(v)    contain photographs or video that would document the proceeds from the commission of one of the TARGET OFFENSES;

(vi)    containing photographs, video, and communications regarding the possession of firearms, imitation firearms, and firearms paraphernalia that would constitute evidence of a violation of the offense of Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c);

(vii)    documenting or containing evidence of the obtaining, secreting, transfer, expenditure and/or the concealment of proceeds of a commission of one of the TARGET OFFENSES; and

(viii)    documenting or containing evidence of the purchase of items from the assets derived from the commission of the TARGET OFFENSES.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

IN THE MATTER OF THE SEARCH OF:

TWO CELLPHONES CURRENTLY IN THE
POSSESSION OF THE FBI IN WASHINGTON,
D.C.

No. 19-sw-283

## AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT FOR CELLPHONES

I, Kevin Moore, Special Agent with the Federal Bureau of Investigation (FBI), Washington

Field Office, Washington, D.C., being duly sworn, depose, and state the following:

## INTRODUCTION

1.      I make this affidavit in support of an application under Rule 41 of the Federal Rules

of Criminal Procedure for a search warrant for two cellphones that are currently located at FBI's

secure facility at the Washington Field Office that is located at 601 4th Street, Northwest,

Washington, D.C. (the "TARGET DEVICES") as further described in Attachments A-1 through

A-2 (incorporated herein by reference), and the extraction from those TARGET DEVICES of

electronically stored information as described in Attachment B (incorporated herein by reference).

2.      TARGET DEVICE-1, described in Attachment A-1, was seized from Gregory

Fletcher's prisoner property pursuant to a search warrant that was issued in Fairfax County of the

Commonwealth of Virginia on July 26, 2019. Upon recovery in Virginia, TARGET DEVICE-1

was delivered to the FBI in Washington, D.C. TARGET DEVICE-2, described in Attachment A-

2, was seized from Gregory Fletcher's residence pursuant to a search warrant issued by United

States Magistrate Judge Deborah A. Robinson on July 26, 2019. TARGET DEVICE-2 is in the

possession of the FBI in Washington, D.C.

3.      This Court has authority to issue the requested warrant because it has jurisdiction

over the offenses being investigated and the TARGET DEVICES are present in the jurisdiction.

4.      I am "an investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516.

5.      I am a Special Agent with the Federal Bureau of Investigation (FBI), and have been since January 2017. I am currently assigned to a squad that investigates violent crime and threats. As a Special Agent with the FBI, I am authorized to investigate violations of the laws of the United States, and I have been involved with numerous criminal investigations involving violations of federal law. I am a law enforcement officer with authority to execute arrest and search warrants under the authority of the United States. Prior to becoming a Special Agent with the FBI, I was a police officer with the Norfolk Police Department for approximately five and a half years and was a homicide detective for approximately one year. I have received training in general law enforcement and federal investigations. I have participated in the execution of multiple search warrants in which evidence and instrumentalities of criminal activity have been seized.  As part of my duties, I have investigated bank robberies, kidnappings, and other crimes of violence. During these investigations, I have employed a variety of investigative techniques, including the use of cellular phone technology, cellular towers, and the analysis of historical cellular phone records for determining the approximate location from which a phone was used at the particular time or range of times.

6.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and officers of the Metropolitan Police Department (MPD), as well as, witnesses. This affidavit is intended to show merely that there is

2

sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

### AFFIANT'S KNOWLEDGE, TRAINING, AND EXPERIENCE RELATING TO CELLULAR PHONES

7.      Based on your affiant's knowledge, training, and experience, a cellular telephone or mobile telephone is a handheld wireless device used primarily for voice communication through radio signals. These telephones send signals through networks of transmitter/receivers called "cells," enabling communication with other cellular telephones or traditional "land line" telephones. A cellular telephone usually includes a "call log," which records the telephone number, date, and time of calls made to and from the phone.

8.      In addition to enabling voice communications, cellular telephones offer a broad range of capabilities. These capabilities include, but are not limited to: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and email; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. In this capacity, your affiant knows that a cellular phone has capabilities that allow it to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, audio and video recording device, and personal digital assistant (PDA), and can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. Even when a user deletes information from a cellular phone, it can sometimes be recovered with forensics tools.

9.     In your affiant's training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device. Your affiant also knows that those involved in criminal activities take, or cause to be taken, photographs of themselves, their associates, and property derived from their criminal activities, on cellular telephones.

10.    Your affiant has consulted with forensic cellular phone examiners who regularly conduct examinations of cellular phones and has learned that conducting cellular phone examinations is a highly technical process using specific tools for which the examiners receive training.

## PURPOSE OF SEARCH WARRANT

11.    Your affiant is currently assisting law enforcement officers with MPD, the Federal Bureau of Investigation (FBI), and Prince George's County Police Department (PGPD) with an investigation of several armed robberies, burglaries, and thefts that are believed to have been committed by Maurice Jones and Gregory Fletcher, from June 18, 2019 through June 30, 2019.

12.    As discussed below, your affiant believes that there is probable cause that the TARGET DEVICES (as described in Attachment A, as incorporated herein), contain evidence of violations of Interference with Interstate Commerce by Robbery and Conspiracy to Commit Interference with Interstate Commerce by Robbery, both in violation of 18 U.S.C. § 1951 and Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c) (collectively, the "TARGET OFFENSES").

**PROBABLE CAUSE**

13.     On July 9, 2019, a grand jury for the United States District Court for the District of Columbia returned a two count indictment against Maurice Jones (19-cr-232-EGS) that charged him with one count of Interference with Interstate Commerce by Robbery, in violation of 18 U.S.C. § 1951 and one count of Possession of a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c) in regard to a June 29, 2019 robbery of a commercial business named "Philz Coffee" that is located at 1350 Connecticut Avenue, Northwest, Washington, D.C. At the time the indictment was returned, law enforcement had not yet identified Jones' coconspirator in the aforementioned robbery, which was later determined to be Gregory Fletcher.

14.     On July 30, 2019, a grand jury for the United States District Court for the District of Columbia returned a superseding indictment in criminal case number 19-cr-232 (EGS) that charged Fletcher with the same charges discussed in the initial Indictment above, as well as, a charge of Unlawful Possession of a Firearm by a Person Previously Convicted of a Crime Punishable in Excess of Twelve Months, in violation of 18 U.S.C. § 922(g).

15.     Based on your affiant's investigation, with the assistance of other law enforcement officers with MPD, FBI, and the Prince George's County Police Department (PGPD), and as discussed below, your affiant believes that Jones and Fletcher have been engaged in the commission of multiple robberies, burglaries, and thefts of commercial businesses from at least June 18, 2019 through June 30, 2019 in the District of Columbia and Maryland with the use of a firearm. A summary chart of all the Washington, DC related theft offenses involving either Jones or his coconspirator are detailed below:

| Date and Approximate Time | Commercial Business & Location |
| --- | --- |
| June 18, 2019, 10:19 p.m. | FareWell Bakery, 406 H Street, NE |
| June 19, 2019, 11:15 a.m. | Fourth Street Market,  6900 4th Street, NW |
| June 24, 2019, 5:15 p.m. | Lincoln Park Cleaners, 1301 East Capitol Street, SE |
| June 25, 2019, 12:20 a.m. | Lola's Barracks Bar and Grill, 711 8th Street, SE |
| June 27, 2019, 2:58 p.m. | Union Kitchen and Grocery, 538 3rd Street, NE |
| June 29, 2019, 7:00 a.m. | Philz Coffee, 1350 Connecticut Avenue, NW |
| June 29, 2019, 7:35 a.m. | Pisco Y Nazca,  1823 L Street, NW |
| June 30, 2019, 6:14 a.m. | Anthem,  901 Wharf Street, SW |

16.     This factual background is not in chronological order of events in the crime spree,

but rather, is set forth in a manner to explain the chronology of how law enforcement was able to

identify Jones as the individual who participated in the multiple armed robbery related offenses.

17.     On July 1, 2019, at approximately 10:17 a.m., the Anthem, which is located at 901

Wharf Street, Southwest, Washington D.C., reported a theft from their building. After noticing

that there was approximately $8,500 to $9,000 of liquor stolen, the security personnel reviewed

surveillance video from the location. MPD officers were called to the scene and also reviewed the

surveillance video. Officers observed that on June 30, 2019, at approximately 6:14 a.m., two

suspects parked a silver four-door sedan on the 900 block of Maine Avenue, Southwest. The

suspects crossed the street and entered into Blair Alley. Both suspects entered the Anthem through

the trash room located on Blair Alley. The next available surveillance video showed the suspects

leaving the area holding boxes containing what appeared to be liquor. The suspects carried the

boxes back to the vehicle and left the location in the vehicle. When the vehicle was making a U-

Turn, the license plate of the vehicle was clearly displayed on the surveillance footage. That license

plate was Maryland tag 9DT6559. The vehicle was registered to Jones with an address of 12909

Piscataway Road, Clinton, Maryland. Law enforcement officers reviewed police databases and

obtained an image of Jones. Jones' physical characteristics, including height, weight, complexion,

and build were consistent with one of the suspects who committed a number of recent robbery related offenses. A check through the National Crime Information Center revealed that Jones' vehicle was not reported stolen. Law enforcement officers responded to 12909 Piscataway Road, Clinton, Maryland and observed that Jones' vehicle was sitting in the driveway of the residence. On July 1, 2019, at 8:29 p.m., law enforcement officers observed Jones exit the residence at 12909 Piscataway Road, enter Jones' vehicle, and drive away at which point a stop of Jones' vehicle was conducted. Jones provided law enforcement with a paper document from the Maryland Motor Vehicle Administration, which listed his address as 12909 Piscataway Road.

18.     Jones' vehicle was secured on-scene, photographed, but not searched. Jones' vehicle was subsequently towed to the District of Columbia, delivered to the D.C. Department of Forensic Sciences (DFS), and maintained as evidence until a search warrant could be obtained.

19.     That same evening, July 1, 2019, MPD and PGPD officers executed a search warrant at 12909 Piscataway Road. Jones' wife, who was present at the residence, spoke to law enforcement and was showed a "Be on the Look Out" (a BOLO) that was created in relation to a June 29, 2019 burglary that occurred at a restaurant called "Pisco Y Nazca," which is located at 1823 L Street, Northwest, Washington, D.C. Jones' wife identified Jones as being one of the suspects in the BOLO. In the BOLO, Jones was wearing a blue fedora hat, blue shirt, yellow traffic vest, dark pants, black shoes, and sunglasses. Jones' wife could not identify the other suspect identified in the BOLO, who law enforcement subsequently learned was Fletcher.

20.     During the execution of the search warrant at Jones' residence, law enforcement officers recovered a traffic visibility vest, blue fedora hat, black sneakers, a pair of sunglasses, and a pair of latex gloves.

7

21.     As it pertains to the burglary, which occurred at approximately 7:35 a.m. on June 29, 2019, Jones and Fletcher were observed inside the restaurant Pisco Y Nazca by a delivery driver who had a key to the restaurant and entered it when it was closed. Both individuals claimed to work at the restaurant and left the location minutes later when confronted by the delivery driver after it spoke to its supervisor.

22.     Upon reviewing the surveillance video, law enforcement officers observed that Jones and Fletcher matched the description of two individuals who committed an armed robbery minutes earlier, at approximately 7:00 a.m., at Philz Coffee, located at 1350 Connecticut Avenue, Northwest, Washington, D.C. The Pisco Y Nazca restaurant is approximately three and a half blocks from Philz Coffee. At that location, witnesses reported that the coffee shop was robbed at gunpoint by two suspects.[1]

23.     Law enforcement observed the surveillance video from Philz Coffee and observed Jones exit the driver's seat of a silver four-door sedan that matched Jones' vehicle and walk into the coffee shop. Jones was wearing the same attire as he was in the BOLO from the restaurant burglary, but without the yellow traffic visibility vest. After a couple of minutes, Fletcher exited the front passenger side of Jones' vehicle and walked with a noticeable limp into the coffee shop. Fletcher ordered a bagel and paid for it using cash. During the process of paying for the item,

---

[1] In two of the robberies that predated the Philz Coffee robbery, a firearm was discharged with .22 caliber shell casings recovered from both crime scenes (Fourth Street Market and Lincoln Park Cleaners). The shell casings were compared and were found to have been fired from the same firearm. In another robbery that occurred on June 25, 2019 at Lola's Barracks Bar and Grill, an employee who was confronted by Jones and Fletcher, heard both individuals discussing whether to brandish the firearm to the employee. The surveillance video from Lola's Barracks Bar and Grill shows Jones and Fletcher entering into the establishment. The employee was robbed by the men of U.S. currency and property was taken from the establishment.

Fletcher displayed a handgun, reached over the counter, and grabbed money from the drawer.

Jones was observed standing to the side of the counter before the robbery and when the robbery

occurred, he moved towards the front door. In the surveillance video, Fletcher ran to Jones' vehicle

and Jones began to drive the vehicle away before Fletcher even got fully inside the vehicle.

Approximately $150.00 was taken from the cash register during the armed robbery.

24.     On July 6, 2019, a district court vehicle search warrant, authorized by United States

Magistrate Deborah A. Robinson (19-sw-253), was executed on Jones' vehicle. Present inside the

vehicle, among other things, was a package addressed to "Pisco Y Nazca," which is the location

that was burglarized and which the BOLO was created by which Jones' wife identified the

individual depicted therein as Jones. In fact, in that BOLO, Jones is wearing almost the same outfit

(minus the reflective vest) from the Philz Coffee robbery that occurred minutes earlier. Also in the

vehicle, among other items, were latex gloves, bottles of wine (some of which were confirmed

stolen from Pisco Y Nazca), a cellphone, and tools that could be used to commit burglaries.

25.     Fingerprints were subsequently obtained from Jones' vehicle, which matched five

individuals to include Jones and Fletcher. Fletcher's fingerprints were found on the exterior front

driver's window of Jones' vehicle that was used during the robberies.

26.     Your affiant has also reviewed photographs of Fletcher and he fits the physical

build, and possesses the facial features and dimensions of the person who committed the

aforementioned robberies and appears to be the individual depicted in the surveillance video from

those robberies. Fletcher also has tattoos located in the areas where tattoos were visible on Fletcher

in surveillance video from the robbery related offenses. Victims and witnesses to the robbery

reported that one of the perpetrators walked with a distinct limp, which was visible in the review

9

of surveillance video.

27.    On July 30, 2019 and July 31, 2019, surveillance photographs were shown to Fletcher's supervision officer who positively identified Fletcher as the person depicted in the photographs.[2] The supervision officer confirmed that Fletcher has a limp from back problems.

28.    On July 25, 2019, MPD officers made contact with Fletcher in Virginia following his arrest on narcotics possession charges on July 23, 2019, whereby he invoked his *Miranda* rights in response to an attempt to interview him regarding an investigation into the aforementioned robberies, thefts, and burglaries. Fletcher was observed with a distinct limp by law enforcement personnel attempting to speak to Fletcher. Law enforcement also obtained Target Device-1 from the Fairfax County Adult Detention Center located in Fairfax, Virginia, where Fletcher was detained, on July 26, 2019, after a search warrant was obtained to seize Gregory Fletcher's personal property from a Fairfax County of the Commonwealth of Virginia magistrate earlier that day.

29.    During the course of this investigation, law enforcement officers identified a phone number for Fletcher (202) 751-0156. The phone number was in Jones' cell phone contacts as "Greg," which was obtained pursuant to a search warrant for Jones' cellphone issued by United States Magistrate G. Michael Harvey (19-sw-258) on July 12, 2019.

30.    The telephone number (202) 751-0156 was also discovered in Fletcher's girlfriend's cellular phone contacts as "Gregg Husband," pursuant to a consent to search obtained

---

[2] On July 29, 2019, your affiant participated in a search warrant at Fletcher's residence in Washington, D.C. and encountered Fletcher's girlfriend Mattie White of over ten years, who was uncooperative with law enforcement. Ms. White could not even positively identify a mugshot of Fletcher and could not identify Fletcher in surveillance photographs from the robberies. Ms. White did, however, provide consent to her cellphone, when it was explained to her that it was going to be seized pursuant to the search warrant for the residence and a search warrant for its contents would have to be obtained.

on July 29, 2019.

31.     Based on a review of tolls obtained pursuant to a subpoena, telephone number (202) 751-0156 made calls and sent text messages to Jones' phone and received calls and text messages from Jones' phone. Those communications were made on days when robberies were committed.

32.     During a search warrant conducted at Fletcher's Washington, D.C. residence on July 29, 2019, while he was incarcerated in Virginia, law enforcement obtained Target Device-2 pursuant to the search warrant issued by United States Magistrate Deborah A. Robinson on July 26, 2019. Fletcher identified the location as his place of residence when he was arrested by Virginia authorities on July 23, 2019. Target Device-2 was seized from a side table located in the living room.

## ANTICIPATED EVIDENCE ON THE TARGET DEVICES

33.     The execution of a search warrant on the TARGET DEVICE would allow law enforcement to, among other things: (i) identify communications between coconspirators relating to the preparation for and commission of the TARGET OFFENSES; (ii) identify locations where the individual committing the TARGET OFFENSES, traveled to before and after the commission of the TARGET OFFENSES, and in preparation for the TARGET OFFENSES; (iii) reflect the ownership and use of the items identified in Attachment A by the individual committing the TARGET OFFENSES; (iv) reflect communications between the individual committing one or more of the TARGET OFFENSES and other individuals who may have assisted or provided support in the commission of one or more of the TARGET OFFENSES; (v) contain photographs or video that would document the proceeds from the commission of one of the TARGET OFFENSES; (vi) contain photographs, video, and communications regarding the possession of

11

firearms, imitation firearms, and firearms paraphernalia that would constitute evidence of a violation of the offense of Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c); (vii) document or contain evidence of the obtaining, secreting, transfer, expenditure and/or the concealment of proceeds of a commission of one of the TARGET OFFENSES; and (viii) document or contain evidence of the purchase of items from the assets derived from the commission of the TARGET OFFENSES.

## CONCLUSION

34.     Based upon the above-referenced facts, your affiant asserts that there is probable cause to believe that the TARGET DEVICES (as described in Attachment A and incorporated herein by reference) contain evidences of the TARGET OFFENSES (as described in Attachment B and incorporated herein by reference). Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. I further request that the Court permit the search warrant to be executed at any time given that the TARGET DEVICES are contained on the premises of the FBI.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Kevin Moore, Special Agent
Federal Bureau of Investigation

Subscribed and sworn pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on August 2, 2019.

G. Michael Harvey,
United States Magistrate Judge
for the District of Columbia

12